The question whether a drug store possesses concoctions, such as tinctures, extracts, essences, etc., for beverage or for medicinal purposes is one of fact, which addresses itself to the intelligent appreciation of a trial judge; but over which this court has no appellate jurisdiction. Likewise the question *Page 501 
whether such concoctions, tinctures, extracts, essences, etc., be or be not "fit for use as a beverage or for intoxicating beverage purposes" is also one of fact (not of judicial cognizance).
But I concur with the CHIEF JUSTICE that the percentage of alcohol in such concoctions and alleged beverages is quite immaterial if the other ingredients make them unfit for beverage purposes; the proportion of other ingredients being much more pertinent.
And, as a matter of law, I think the term "intoxicating beverages," does not include every liquid thing capable of being swallowed by a human being for the purpose of producing intoxication. I think the term includes only such liquids as are capable of or intended for constant or regular or frequent use, without deleterious effect other than intoxication.
For the purpose of the Eighteenth Amendment, and of the statute passed for the enforcement thereof, is to suppress drunkenness;
and the drunkenness aimed at is habitual drinking, not mere sporadic cases of freak intoxication.
But the trial judge must have had (or thought he had), before him, evidence sufficient to satisfy himself that tincture of ginger might be used constantly, or regularly, or frequently, forbeverage purposes, without injurious effect upon the consumer other than intoxication. And his finding of fact is, for the purposes of this case, final.